THE LOGAN COUNTY BANK, *a corporation* v. ARTHUR A. BEYER, *Administrator of the estate of* A. G. JONES, *Deceased.*

(Filed September 5, 1906.)

1. PRACTICE—Errors Waived, When. In an action on a promissory note, against an administrator, where a stipulation is entered into containing the recitation that "the claim of the plaintiff for the amount sued on, herein having been disallowed by the administrator of said estate, as well as by the probate court of Logan County, * * * this action to be tried as upon the issues made by the pleadings in this action the same as if 'commenced originally' against the administrator," and the court, in admitting the stipulation, makes the statement that it would hold that the stipulation did not estop the defendant from offering evidence to show that the claim was not presented, which statement is excepted to, and thereupon, evidence is offered by plaintiff to show that said claim was presented to the administrator and rejected, and by the defendant in denial of such facts. and no objections are made to such evidence nor exceptions saved, and where no exceptions are saved to the instructions of the court, submitting to the jury the question of whether or not said claim was in fact presented and acted upon: Held: That any error committed by the court in its announcement as to what its ruling would be when the evidence was in fact offered, will, under such circumstances, be deemed to be waived.

2. TRIAL—Verdict—Issues Determined. Where two issues are submitted to a jury for their determination, and a special finding is returned as to one, in favor of the defendent, and a general verdict is also returned in favor of the defendant, this court cannot say that each of the issues submitted was not found by the jury in favor of the defendant.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*H. B. Marlin* and *D. M. Tibbitts,* for plaintiff in error.

*Lawrence* and *Huston,* and *U. M. Jones,* for defendant in error.

Opinion of the court by

PANCOAST, J.:   This action was commenced in the district court of Logan county by the plaintiff in error against A. G. Jones, upon a promissory note to recover the sum of $300.00 and interest.   Thereafter Jones died, and Beyer was appointed administrator of the estate, after which the action was revived in the name of the administrator.   Following that, a stipulation was entered into between the parties, as follows:

"It is hereby stipulated and agreed by and between the Logan County Bank, plaintiff, and Arthur A. Beyer, administrator of the estate of A. G. Jones, deceased, as follows:

"First: That an order of revivor be made in said action. It being agreed that said A. G. Jones had departed this life, and Arthur A. Beyer has been appointed as administrator of said estate.

"Second:   That the claims of the Logan County Bank for the amount sued on herein having been disallowed by the administrator of said estate as well as by the probate court of Logan county, Oklahoma Territory, this action to be tried upon the issues made by the pleadings in this action, the same as if the same had been commenced by the said Logan County Bank against Arthur A. Beyer as administrator of said estate."

The case being tried before a jury, the stipulation was offered in evidence, and admitted.

Three assignments of error are contained in the petition in error and argued in the brief:   First, that the court erred in admitting evidence to dispute the terms of the stipulation: Second, that the court erred in submitting to the jury the question as to whether or not the claim sued upon had been presented and disallowed; and, third, that the court

erred in overruling the motion for new trial. The first two assignments of error are practically one and the same, and the third brings to the attention of this court the fact that the first two questions were preserved in the record.

The contention of the defendant in error is first, that the stipulation was not one that admitted or agreed that the claim had been presented to the administrator and disallowed, but contained merely a recitation of that fact, and that the agreement contained in the stipulation was simply that an order of revivor might be made; second, that the administrator had not the power to bind the estate by stipulation agreeing that the claim had been presented when it had not, and binding the estate thereby.

Sec. 6129, Wilson's Annotated Statutes provides:

"If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; no recovery shall be had in the action unless proof be made of the presentation required."

It is conceded by the plaintiff in error that this statute would require that the claim be presented to the administrator unless by the terms of the stipulation the proof of that fact was rendered unnecessary. At the very beginning of the introduction of the evidence, when the stipulation referred to was sought to be introduced, an objection was raised by the defendant below to its introduction, upon the ground that the administrator could not bind the estate by any recitation in the stipulation that something had been done which never had been done, and that the stipulation was not proof that the claim ever had been presented to the probate court

or to the administrator and acted upon. The court, however, let the stipulation go to the jury as evidence for what it was worth, and at the time of the ruling, stated that it would hold that the stipulation did not estop the defendant from offering evidence to show that the claim was not presented, and that it would not shift the burden of proof. To this statement by the court, of what its ruling would be, the defendant below excepted, and proceeded with his case and offered evidence tending to show that the claim had been presented to the administrator and disallowed. Upon the conclusion of the evidence upon that point, the plaintiff rested his case, and the defendant below proceeded with his defense, upon two grounds: First, that the claim was never presented to the administrator and acted upon by him; and second, that there was no consideration ever received for the note. These two contentions were contested quite earnestly, considerable evidence being offered upon both sides.

No objection, however, was made to the introduction of any of this evidence, but at the conclusion of the defendant's evidence, the plaintiff moved the court to exclude from the jury all the evidence "except the evidence upon the issue of the presentation of the claim to the administrator, upon the ground and for the reason that the other evidence offered to the jury did not support the allegations of the answer, and did not tend to show any failure of consideration for the note sued on." This motion was overruled by the court.

It is contended with a great deal of earnestness by the defendant in error that the plaintiff in error has not preserved in the record the questions contended for, there being no objections made or exceptions saved to the introduction of

evidence offered on this point, and that the plaintiff in error cannot complain here.

From an examination of the record it is disclosed that the only objection of any character that would tend to preserve the points now contended for was the ruling of the court when passing upon the introduction of the stipulation in evidence, its introduction being objected to by the defendant in error, wherein the court stated that the stipulation might go to the jury for what it was worth, but it would hold that the stipulation did not estop them from offering evidence to show that the claim was not presented, and that it would not shift the burden of proof.

This was a mere announcement by the court as to what its ruling would be when the evidence was in fact offered, and certainly would not relieve the plaintiff in error from the necessity of objecting to evidence when offered, or saving his exceptions thereto when a ruling was made thereon. It would seem that if the plaintiff below intended to rely upon the stipulation, and believed that it was in fact a stipulation which would bind the administrator, that he should not have proceeded in the first instance to the introduction of testimony in support of the proposition that the claim had been in fact presented and rejected; and if for no other reason, the presentation and introduction of this evidence by the plaintiff below would and should be held to constitute a waiver of any possible error that the court may have made in its announcement as to what its rulings would be. And after the plaintiff below had introduced evidence upon this point, certainly the defendant below had a right to deny

the same, and in so doing to show that in fact the claim had never been presented.

Again, it would seem that the plaintiff below had waived this proposition, and tried the case upon the theory that the stipulation did not cover the ground, because no exceptions were taken to the instructions of the court covering the point. In Instruction No. 2, the court told the jury that before the bank could recover, it must be proven by a preponderance of the evidence that the claim had been presented to the administrator of the estate of Jones, for allowance or rejection, and the burden of proof was on the bank to prove the presentation of the note in question; and if it had failed to make such proof, it was the duty of the jury to return a verdict for the defendant. No exception was saved to this or any other instruction given by the court, and we are therefore forced to the conclusion that the case was tried by the plaintiff below upon the theory that it must prove the presentation and rejection of the claim.

Having reached this conclusion, it follows that the question involved is not properly preserved in the record for presentation to this court.

Besides all this, there were two issues submitted to the jury, and while the jury returned one special finding to the effect that the claim was not presented, yet they returned a general verdict for the defendant. There being two issues presented by the pleadings and the evidence, this court cannot say that the second issue, viz.: that there was no consideration for the note was not found by the jury in favor of the defendant as well as the first. The record shows that

there was sufficient evidence to support the verdict of the jury upon either of the issues presented.

There being no error disclosed by the record, the judgment of the court below is affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.